U. S. District Court—In re Press Printers and Publishers, Inc.

UNITED STATES DISTRICT COURT,
DISTRICT OF NEW JERSEY.

In the matter of the PRESS PRINTERS AND PUBLISHERS, INCORPORATED, bankrupt.

**Bankruptcy—Mandamus to Enforce Payment of Claim—Such Writ Cannot Be Used as Writ of Error, Nor Where Another Remedy Exists—Instrument Bears Name of "Lease," But Is, In Fact, a Conditional Sale Agreement—Recorded as a Chattel Mortgage—Failure to File Within Ten Days, Etc., As Required by the Conditional Sales Statute, Deprives Instrument of Preference.**

In bankruptcy. On petition of Babcock Printing Press Manufacturing Company, Incorporated, for writ of *mandamus* to compel payment of claim.

*Mr. Absalom P. Bachman,* for the petitioner.

*Mr. Leon E. Cone,* for the respondent.

RUNYON, District Judge.

The Press Printers and Publishers, Incorporated, a Morristown concern, and incorporated under New Jersey laws, was engaged in the newspaper and job printing business, when, on January 30th, 1923, an involuntary petition in bankruptcy was filed. The company was thereafter adjudicated a bankrupt, and a receiver appointed, who qualified and took control of the estate.

The matter was referred to Referee DeCoster, who made an order in which, among other things, he directed the present petitioner to show cause why the personal property of the bankrupt should not be sold "free and clear of all liens and encumbrances, a lien, if any, to attach to the proceeds."

5

Upon the return of said order the referee, after argument, determined, and by his further order directed said sale to be held, providing therein that a lien, if any, should attach to the proceeds.

Pursuant thereto the sale was duly held and confirmed, and the referee designated as claims entitled to priority that of the landlord, one for labor, that of the Mergenthaler Linotype Company, and of Nathaniel C. Toms, trustee.

The present petition is not for the review of the referee's order, but for the issuance of a writ of *mandamus* to compel the payment of the Babcock claim.

In other words, the petitioner, for all practical purposes, is seeking to substitute the writ of *mandamus* for a writ of error, and, in so doing has, I believe, mistaken the nature of his proper remedy.

"A *mandamus* cannot be used as a writ of error, nor is it ever granted where the party asking it has another remedy as where the remedy is by appeal." *Morrison* v. *U. S District Court, 147 U. S. 14;* see, also, *In re Baltimore and Ohio R. R., 108 U. S. 566.*

The instrument in question bears the name of lease, but an examination of its contents convinces me that in reality it is a conditional sale agreement, and, therefore, subject to the provisions of the Conditional Sales act.

Paragraph 1, subdivision 2 of said act describes one sort of conditional sale as being "any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become the owner of such goods upon full compliance with the terms of the contract."

As I read the so-called lease, it answers the requirements of the above description, and must, therefore, be classed as a conditional bill of sale. See *In re Moyer, 15 Fed. Rep. 598; Lauter Co.* v. *Isenreath, 77 N. J. Law 324.*

As a conditional sale agreement, the instrument further becomes subject to the provisions of the law regulating the filing thereof.

In the first place, the petitioner seemingly recognized that its instrument was not a lease, despite its name, and recorded it as a chattel mortgage.

Secondly, the act governing conditional sales provides that the agreement must, in the first instance, be filed within ten days, and refiled at the expiration of three years. The plaintiff omitted to carry either of these provisions into effect.

Having failed properly to record its conditional sale agreement, I am of the opinion that the plaintiff has forfeited the preferential position which might otherwise have obtained, and that its instrument is void for any such purpose as against judgment creditors, and entitled it to no claim for the payment it asks. See *Unitype Co.* v. *Long, 143 Fed. Rep. 315; Groner* v. *Babcock Printing Press Mfg. Co., 267 Fed. Rep. 822.*

Without going into any other point advanced by counsel, it appears to me that the above facts constitute such a situation as to have warranted the referee in making the order which the plaintiff seeks to annul by means of its petition for the issuance of a writ of *mandamus.*

The motion herein for such writ must be denied.